# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| **Margaret Kris,** ) | |
| Plaintiff (pro se) ) | |
| ) | Case No.: 18-cv-566-LM |
| **v.** ) | |
| ) | |
| **Dusseault Family Revocable Trust,** ) | |
| et al. ) | |
| Defendants ) | |

### DEFENDANTS' FINAL PRETRIAL STATEMENT

NOW COME the Defendants, through their attorneys, Shaughnessy Raiche, PLLC and files the following Pretrial Statement.

**1.   STATEMENT OF THE CASE:**

This is an action, filed pro se, under the Federal Fair Housing Act claiming retaliation pursuant to 42 U.S.C. 3617.  The Plaintiff's complaint underwent a Magistrate Judge's Preliminary Review (Document 6, August 6, 2018) which dismissed all but one of the Plaintiff's claims, the retaliation complaint.  The Plaintiff's complaint was further defined by the September 24, 2019 order (Document 33) denying the Defendants' Motion to Dismiss the retaliation complaint. That order identified the protected activity as a January 4, 2018 letter to Manchester Housing and Redevelopment Authority (MHRA) wherein the Plaintiff alleged that due to her hearing impairment the Defendants were providing her with inadequate notice of the need to remove her car for snow removal activities.

The Preliminary Review summarizes the retaliation complaint as the Defendants retaliating against the Plaintiff for "complaining to the MHRA in connection with: (1) Charlene and Frances Dusseault's verbal and physical assaults on Kris, alleged to have occurred in January 2018, (2) the landlord's failure to respond to Kris's requests regarding maintenance issues, (3) the filing of an eviction action against Kris in the Manchester District Court, and (4) retention of Kris's security deposit."

2. **LIST OF WITNESSES**:

The Defendants expect to call the following witnesses:

**Charlene Dusseault**   45 Lynchville Park Road
Goffstown, NH 03045   (603) 660-8596

Defendant and daughter of co-Defendant Frances Dusseault who has direct knowledge of all the facts relevant to all allegations in the complaint. Defendant Charlene Dusseault will deny that the Defendants had any knowledge regarding the Plaintiff's complaint to the MHRA regarding a hearing impairment in connection with snow plowing activities, and will further testify that the tenants were to move cars when 3 inches of snow fell and the plow driver honking a horn was not requested or required by the Defendants.

**Michael DiSaboto**   Manchester Housing & Redevelopment Authority
198 Hanover Street
Manchester NH   (603) 624-2100

Employee of MHRA who has knowledge regarding complaints made to Manchester Housing, and the eviction based on non-payment of rent.

**Sean Curran**   Attorney at Law
30 Amherst Street
Manchester, NH   (603) 644-1060

Attorney Curran represented the Defendants in the underlying Manchester District Court eviction action and will testify to the eviction based on non-payment of rent and the lack of any retaliation based on a request for reasonable accommodation. Plaintiff, aggrieved complainant.

The Defendants reserve the right to call the plaintiff as a witness.

3. **WAIVER OF DEFENSES**:  The Defendants do not waive any defenses.

4. **DEPOSITIONS TO BE READ INTO EVIDENCE**:  None

5. **LIST OF DEFENDANTS' EXHIBITS**:

The Defendants will offer the following exhibits at trial:

1. Letters from the Plaintiff to MHRA dated December 11, 2017; December 19, 2017; January 4, 2018; and February 12, 2018;

    2.      Manchester Police Report date December 11, 2017;

    3.      MHRA email dated December 12, 2017;

    4.      Winter Snow Plow Notice dated December 16, 2017;

    5.      Text message from Plaintiff dated January 17, 2018;

    6.      HUD Discrimination Complaint filed by Plaintiff;

    7.      Manchester District Court notice of Judgment date March 23, 2018;

    8.      Letter from Defendant Frances Dusseault to MHRA dated June 15, 2018;

    9.      Security Deposit Expense Detail dated July 31, 2018;

    10.    Lease Agreement dated September 15, 2017;

6.    **JURY EVIDENCE RECORDING SYSTEM**: Neither party will use JERS.

7.    **SPECIAL DAMAGES**: To be listed by the Plaintiff.

8.    **LATEST DEMAND AND OFFER**: Plaintiff's last demand was a payment of $2,500.00, an animal from the pound, and her Housing Voucher reinstated by MHRA . Defendants' last offer was a payment of $2,500.00, an animal from the pound, and the services of Attorney Brian Shaughnessy in presenting a request for reasonable accommodation to MHRA for restoration of the Plaintiff's section 8 voucher. The Plaintiff's loss prevention representative required a guarantee of the restoration of the section 8 voucher which the Defendants had no control over. The Plaintiff then withdrew her consent for any further settlement discussions and indicated she did not want to deal with MHRA any further. The Plaintiff demanded a jury trial.

9.    **ATTORNEY'S FEES**: Attorney's fees can be awarded to the Defendants within the discretion of the Court. The Plaintiff has not incurred attorney's fees.

10.    **VIEW**: None requested.

11. **ESTIMATED LENGTH OF TRIAL**:  1 day, but may need 2 due to pro se litigant.

                Respectfully submitted,

                Dusseault Family Revocable Trust, et al.
                By Their Attorneys,

                Shaughnessy Raiche, PLLC

Dated: September 14, 2021      By:  /s/ Brian C. Shaughnessy
                Brian C. Shaughnessy (Bar #6894)
                24 Eastman Avenue, C3
                Bedford, NH 03110
                (604) 644-4357
                Brian@srlaw-nh.com

## CERTIFICATE OF SERVICE

I, Brian C. Shaughnessy, hereby certify that on this 14th day of September, 2021, a true and correct copy of this Defendants' Final Pretrial Statement was filed electronically.  Notice of this filing will be electronically mailed to all parties registered with the Court's electronic filing system.  Additionally, a copy was forwarded via U.S. First Class Mail to the Plaintiff, Margaret Kris, *pro se*.


                /s/ Brian C. Shaughnessy