UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Margaret Kris

    v.                                                                          Civil No. 18-cv-566-LM
                                                                             Opinion No. 2022 DNH 037P

Dusseault Family Revocable Trust et al.

**O R D E R**

Before the court is pro se plaintiff Margaret Kris's "Motion to Change Claim." (doc. no. 66).[1] Kris's motion seeks to join the following entities as new defendants to this action: the Manchester Housing and Redevelopment Authority ("MHRA"); the U.S. Department of Housing and Urban Development ("HUD") Office of Fair Housing and Equal Opportunity, Region 1, in Boston, Massachusetts ("FHEO"); the City of Manchester, New Hampshire; and the City of Boston, Massachusetts. In her motion, Kris also seeks to add new Fourteenth Amendment due process claims against those defendants, along with claims that those defendants failed to train their staff appropriately regarding certain duties owed to her under the Fair Housing Act ("FHA"), causing her harm.

---

[1] The full title of Kris's motion (doc. no. 66) is: "Motion to Change Claim for Mandamus Relief to 42 U.S.C. [§] 1983 City of Canton v. Harris, 489 U.S. 378 (1989)[,] Failure to Train Staff on How to Process Complaints FHEO Boston and Failure to Train Staff on How to Process Reasonable Accommodations under Revised Guidelines after HUD Audit MHRA Failing to Execute Duties under FHA, 42 U.S.C. [§] 3610." Doc. no. 66, at 1.

# BACKGROUND

I. <u>Underlying Tenancy and Eviction Proceedings</u>

This case arises out of Kris's court-ordered eviction from an apartment in Manchester, New Hampshire, owned and managed by defendants Charlene and Frances Dusseault ("Dusseaults") and the Dusseault Family Revocable Trust of 2017 ("Trust"). Kris signed the lease and began living in the apartment in September 2017 and was evicted less than a year later. Kris's rent for that apartment was subsidized under HUD's Section 8 voucher program, administered by the MHRA.

Kris withheld rent beginning February 1, 2018. The Trust initiated an eviction action against her in state court on March 2, 2018. Following a hearing on March 23, 2018, the state court found that Kris had not paid the rent, in violation of the terms of her lease, entitling the landlord to a writ of possession. Kris's appeal of that judgment was declined by the New Hampshire Supreme Court on June 13, 2018, and a writ of possession issued thereafter, resulting in Kris's eviction. The Hillsborough County Sheriff's Department locked her out of the apartment in July 2018.

II. <u>Correspondence with HUD and FHEO</u>

Kris filled out a HUD Housing Discrimination Complaint form which she obtained from the MHRA in February 2018. She mailed that form to the Boston regional office of HUD in late March 2018. In a series of letters, the FHEO advised

Kris that it had closed her file upon finding that her claims were not covered by the FHA.

III. Reasonable Accommodation

Kris filled out a form "Reasonable Accommodation" request, which she submitted to the MHRA in October 2017, stating that she was concerned that if her apartment building needed extermination, pesticide exposure could affect her breathing issues (COPD) and harm her emotional support animal (her cat). Doc. no. 1-1, at 38. On October 26, 2017, the MHRA faxed a form to Kris's primary care provider relating to Kris's request.

Kris has alleged that in late 2017, she clarified to Deborah Butterworth at the MHRA that she was asking for assistance in breaking her lease early so she could move out after the winter and apply her Section 8 housing voucher to another apartment in spring 2018. See doc. no. 66, at 16. Kris sought to be relieved of the full term of her lease to avoid exposure to pesticides which might be used in the building and that posed a risk to her health and her cat's health. A November 13, 2017 handwritten notation in Kris's MHRA housing file states that Kris had "canceled" her request for assistance in terminating her lease "until spring." Doc. no. 51-1, at 3. In a December 19, 2017 letter addressed to Butterworth, Kris repeated that she was concerned that she and her cat would be exposed to chemical pesticides should an exterminator treat her building, and she requested assistance with that issue. Doc. no. 55, at 21.

When spring 2018 arrived, Kris was already a party to the eviction proceeding initiated after she withheld February 2018 rent. In a letter mailed to Kris in April 2017, Butterworth stated the following, regarding her ability to assist Kris in terminating her lease early, while the eviction proceeding was pending:

> After talking with you I see you are in the first year of your lease. We would need a Reasonable Accommodation for release from the first year. Also, [Butterworth's supervisor] Bonnie said since you are under eviction I can't do anything until the court process is over. So I have to cancel your appointment on May 1st at 1:30 pm.

Doc. no. 66, at 14.

IV.     Termination of Housing Voucher

The MHRA sent a letter to Kris, dated October 3, 2018, stating that her Section 8 housing voucher would be terminated, effective November 4, 2018, because of her eviction. See doc. no. 58, at 6. Kris requested a hearing on the termination of her housing voucher as well as access to her MHRA file. That hearing occurred on October 31, 2018. Kris's filings suggest that she received access to her housing file after the hearing. See doc. no. 58, at 14; doc. no. 21, at 4.

Following that October 31, 2018 hearing, at which Kris had the opportunity to present evidence, the presiding MHRA hearing officer issued a written decision upholding the decision to terminate Kris's housing voucher, based on her court-ordered eviction for non-payment of rent. The hearing officer concluded that her eviction amounted to proof that Kris had failed to comply with the material terms of

4

her lease. Kris received notice of that decision in a letter dated November 7, 2018. See doc. no. 58, at 10.

V.     Procedural History of Federal Court Case

On June 20, 2018, Kris filed this civil action against the Dusseaults, the Trust, the Trust's counsel, and HUD. This court directed service of Kris's FHA retaliation claims, asserted under 42 U.S.C. §§ 3613 and 3617, on the Dusseaults and the Trust, but dismissed her claims against HUD and the Trust's attorney. See Sept. 6, 2019 Order (doc. no. 31).

This court previously summarized the claims remaining in this lawsuit as follows:

> Kris alleges that, after learning that she had complained to the MHRA and HUD, defendants retaliated against her for that conduct. Specifically, she contends that the retaliation included: (1) Charlene and Frances Dusseault's verbal assault of [her] at her apartment and Frances's physical assault of Kris; (2) the landlord's failure to respond to [her] complaints about maintenance and other issues at the apartment complex; (3) the landlord's eviction of Kris; and (4) the landlord's failure to return [her] security deposit.

Kris v. Dusseault Fam. Rev. Tr. of 2017, No. 18-cv-566-LM, 2019 DNH 164, 2019 WL 4647211, at *5, 2019 U.S. Dist. LEXIS 163029, *12 (D.N.H. Sept. 24, 2019) (doc. no. 33).[2]

---

[2] The facts relating to Kris's FHA retaliation claims against the Dusseaults and the Trust are described more completely in the March 2022 Order denying her motion for summary judgment, issued separately.

5

Neither HUD nor the MHRA nor any municipality is presently a defendant in this case, and there are no claims arising under 42 U.S.C. § 1983, the Fourteenth Amendment, or the FHA reasonable accommodation provision. Kris's previous motions seeking to join HUD and the MHRA as defendants have been denied. See, e.g., Feb. 19, 2021 R&R (doc. no. 64), R&R approved, Mar. 25, 2021 Order (doc. no. 69).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). A request to amend requires the court "to exercise its informed discretion in constructing a balance of pertinent considerations." Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006); see also Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013) (court must examine totality of circumstances in ruling on motions to amend). Leave to amend may be denied "when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" Nikitine, 715 F.3d at 390 (quoting Palmer, 465 F.3d at 30). To assess whether a proposed amendment fails to state an actionable claim, this court applies the standard for preliminary review set forth in the Aug. 6, 2018 Report and Recommendation ("Aug. 6 R&R") (doc. no. 6). See Sept. 6, 2021 Order (doc no. 31) (approving Aug. 6 R&R).

Federal Rule of Civil Procedure 20(b), concerning the permissive joinder of defendants, is implicated by plaintiff's motion to add new claims against new defendants to this action. That rule allows multiple defendants to be joined together in one action if the plaintiff asserts a claim against them jointly or severally, arising from the same transaction or series of transactions, and if a common question of fact or law will arise in the action. See Fed. R. Civ. P. 20(a)(2).

## DISCUSSION

I.  Claims against the FHEO and City of Boston

Kris seeks to assert claims under 42 U.S.C. § 1983 against the FHEO, which she considers to be an agency of the City of Boston. Kris alleges that FHEO staff improperly investigated and processed her FHA administrative complaints, did not respond appropriately to her correspondence, and eventually declined to exercise jurisdiction over her administrative claims. She claims that if the FHEO had not delayed consideration of her claims and had not declined to take enforcement action against the Dusseaults, she would not have been evicted, and she would not have lost her housing voucher. She ascribes what she considers to be the FHEO's failings to inadequate staff training.

Section 1983 provides a federal cause of action for claims that persons acting under color of state law violated the plaintiff's federal rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

7

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Given the nature of this requirement, a section 1983 claim ordinarily will not lie against a federal actor." McCloskey v. Mueller, 446 F.3d 262, 271 (1st Cir. 2006) (discussing "under color of state law" requirement).

The FHEO is a federal agency, specifically, a component of HUD, which is itself a federal agency. The FHEO is not an agency of the City of Boston. Kris has not pleaded any facts suggesting that the FHEO or the City of Boston took any action pertaining to her (or failed to perform a duty owed to her) under color of any state law. Therefore, Kris has failed to state any claim upon which relief can be granted under 42 U.S.C. § 1983 against the FHEO and the City of Boston.

Furthermore, Kris has failed to state any claims against those entities arising under the FHA. Kris has not pleaded facts suggesting that the FHEO subjected Kris to any "discriminatory housing practice" for which the FHA provides a private cause of action. See 42 U.S.C. §§ 3602(f), 3613(a). And the City of Boston has neither taken any action, nor failed to take any action, relating to any of the matters at issue in this case. Therefore, Kris's motion to join the FHEO and the City of Boston as defendants, and to add her new claims against them to this action, is denied as futile.

II.     Claims against MHRA and City of Manchester

    A.     City of Manchester

Kris seeks to add the City of Manchester as a new defendant to claims relating to her contacts with the MHRA. The MHRA is a public corporation that has the capacity to sue and be sued in its own name. See N.H. Rev. Stat. Ann. ("RSA") §§ 203:4, 203:8. The MHRA is not an agency of the City of Manchester. See Atherton v. City of Concord, 109 N.H. 164, 166, 245 A.2d 387, 389 (1968), partially overruled on other grounds, Totty v. Grantham Planning Bd., 120 N.H. 388, 390, 415 A.2d 687, 688 (1980). The City of Manchester is not alleged to have taken any action, or to have failed to perform any duties, with respect to the matters at issue in this case. Accordingly, the motion to add claims (doc. no. 66) is denied as futile, to the extent it seeks to join the City of Manchester as a defendant.

    B.     Due Process Claims and Claims Relating to Housing File

Kris seeks leave to add a claim under 42 U.S.C. § 1983 to this action, based on the MHRA's failure to give her a copy of her housing file before the hearing on the termination of her housing voucher, and based on errors she identified in her housing file concerning where she previously lived and worked, which she alleges were considered when the MHRA calculated her share of the subsidized rent. She attributes those mistakes in her file and the failure to give her of the entire file before her hearing, to inadequate MHRA staff training.

9

The Fourteenth Amendment to the United States Constitution prohibits deprivations "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A Section 8 housing voucher is "property" within the scope of the Due Process Clause's protections. See Nozzi v. Hous. Auth. of L.A., 806 F.3d 1178, 1191 (9th Cir. 2015).

If an individual is deprived of a property interest, "the question remains what process is due." Collins v. UNH, 746 F. Supp. 2d 358, 368 (D.N.H. 2010) (citation and quotation marks omitted), aff'd, 664 F.3d 8 (1st Cir. 2011). What process is due depends on a balancing of three factors: the private interest at stake; the risk of erroneous deprivation of that interest through the procedures used; and the government interest in the costs and function of alternative procedures. Id.

Kris received notice and a meaningful opportunity to be heard before a neutral decisionmaker before her housing voucher was finally revoked. She has not pleaded facts indicating that, at the hearing, she lacked access to any records that concerned the specific grounds on which her housing voucher was terminated, namely, her withholding of her rent and the fact of her eviction. Further, she has not stated how her earlier access to any of the records in her housing file, including those released to her after the hearing, could have changed the result of the hearing. Accordingly, her assertions here regarding the process afforded to her before her housing voucher was terminated are insufficient to state a claim upon which relief might be granted for a due process violation. Under such circumstances, amending the complaint to add those claims here would be futile.

This court previously denied Kris's similar effort in this case to assert due process claims relating to the termination of her housing voucher against the MHRA. In denying that prior motion, the court stated:

> To the extent [plaintiff] seeks to assert new claims . . . as to the MHRA relating to the termination of her Section 8 housing voucher, such claims should be dismissed without prejudice as insufficiently stated, and because they are not properly joined with the FHA retaliation claims remaining in this case, asserted against the Dusseault defendants.

July 12, 2019 R&R (doc. no. 23), at 20-21, R&R approved, Sept. 6, 2019 Order (doc. no. 31). The same rationale applies here to the due process claims concerning the voucher termination hearing, and the claims concerning errors in Kris's housing file. Cf. Fed. R. Civ. P. 20(a) (permissive joinder rule requires that there be common questions of law or fact, and that claims asserted against multiple defendants arise from same transaction or series of transactions). Accordingly, the court denies Kris's "Motion to Change Claim," to the extent she seeks to add any claims relating to the termination of her voucher, her access to her MHRA housing file, and any errors in the contents of that file.

C. Reasonable Accommodation Claims

Kris also seeks to add claims against the MHRA for its conduct in failing to grant her request for a reasonable accommodation, concerning pesticide exposure in her apartment. She claims that, in late 2017, she asked the MHRA to assist her in ending her lease in the Dusseaults' building in spring 2018 so she could move out sooner than the end of her lease term, to avoid possible exposure to pesticides that

11

> To establish a prima facie case of failure to accommodate under the [FHA], a claimant must show that he is handicapped within the purview of 42 U.S.C. § 3602(h) and that the party charged knew or should reasonably have known of his handicap. Next the claimant must show that he requested a particular accommodation that is both reasonable and necessary to allow him an equal opportunity to use and enjoy the housing in question. Finally, the claimant must show that the party charged refused to make the requested accommodation.

Astralis Condo. Ass'n v. Sec'y, HUD, 620 F.3d 62, 67 (1st Cir. 2010) (citations omitted).

Assuming, for purposes of ruling on Kris's motion (doc. no. 66), that her allegations, if proven, could establish the first and second prongs of her prima facie case under the FHA,[4] the court turns to whether she has pleaded facts which, taken as true, would show that the MHRA denied her requested accommodation, before her eviction made it moot.

Kris alleges that she received no notice that the MHRA denied her reasonable accommodation request. Exhibits in the record, including Butterworth's April 2018 letter to Kris regarding the need for a "reasonable accommodation" to end the lease and the limits on Butterworth's ability to assist Kris while the eviction proceeding was pending, are evidence that the MHRA had not actually denied Kris's request for such an accommodation prior to her eviction.

---

[4] In the March 25, 2021 Order (doc. no. 69) (approving Feb. 19, 2021 R&R (doc. no. 64)), this court found that similar allegations pleaded by Kris did not state an FHA reasonable accommodation claim against the MHRA upon which relief could be granted. This court need not rely upon that ruling as law of the case in denying Kris's motion to add an FHA reasonable accommodation claim against the MHRA at this time, as there are separate bases, set forth in this order, for denying this motion.

A constructive denial of a reasonable accommodation request can be established through evidence of an unreasonable delay. See Valle-Arce v. P.R. Ports Auth., 651 F.3d 190, 200 (1st Cir. 2011); Logan v. Matveevskii, 57 F. Supp. 3d 234, 273 (S.D.N.Y. 2014); see also Bhogaita v. Altamonte Heights Condo. Ass'n, Inc., 765 F.3d 1277, 1286 (11th Cir. 2014). Whether a delay has been unreasonable turns on the totality of the circumstances. McCray v. Wilkie, 966 F.3d 616, 621 (7th Cir. 2020). Relevant factors include the delay's length, the timeline of events, and whether the delay appears to have been due to any form of willful intent to delay, bad faith, or obstructionism. See Evans v. ForKids, Inc., 306 F. Supp. 3d 827, 845 (E.D. Va. 2018); Logan, 57 F. Supp. 3d at 273; Daniel v. Avesta Hous. Mgmt. Corp., No. 2:12-cv-110-GZS, 2013 U.S. Dist. LEXIS 122716, at *20, 2013 WL 4541152, at *7 (D. Me. July 9, 2013) (citing cases), R&R approved, 2013 U.S. Dist. LEXIS 121502, 2013 WL 4541152 (D. Me. Aug. 27, 2013), aff'd, No. 13-2341, 2014 U.S. App. LEXIS 25388, 2014 WL 12971821 (1st Cir. Dec. 11, 2014).

The facts Kris alleges suggest that the delay at issue began in November 2017 when she first clarified to the MHRA that she was requesting assistance in terminating her lease and moving elsewhere in the spring of 2018, to avoid pesticide exposure. That delay came to an end four months later when, in March 2018, the eviction proceeding's outcome mooted her request. While that four-month time span was not insubstantial, its length, standing alone, is not determinative of whether the delay was unreasonable. Marks v. Wash. Wholesale Liquor Co. LLC, 253 F. Supp. 3d 312, 324 (D.D.C. 2017) ("relatively short delay" of several weeks or months

14

in approving a request typically does not support a claim of unreasonable delay (citing cases)).

The timeline of events does not suggest that the delay extending from the late fall until March 2018 was unreasonable. Kris has alleged facts and attached exhibits to her pleadings, which show that the MHRA took action on her reasonable accommodation request in late October 2017 when it contacted her physician to obtain records relating to her claim. She also asserts facts indicating that, as early as November 2017, she notified the MHRA that she wanted to stay in her apartment through the winter and then end her lease commitment in spring 2018. To that extent, a delay in acting on her request during the winter could not be characterized as unreasonable.

Finally, Kris points to no evidence of bad faith or a willful intent to delay or obstruct a response to her request for a reasonable accommodation. Rather, she alleges that procedural missteps, a failure to apply policies and rules, and a lack of adequate training for MHRA employees caused the delayed response. Delays attributable only to inadvertence, bureaucratic mistakes, and inefficiencies, are not the type of delays that courts have deemed to be evidence of a constructive denial of a reasonable accommodation request. See Perkins v. City of New York, No. 21-CV-3887 (BMC), 2022 WL 125597, at *4, 2022 U.S. Dist. LEXIS 6997, at *11 (E.D.N.Y. Jan. 13, 2022) ("Courts have found delays of from three weeks to eighteen months, and those caused by oversight or negligence instead of discriminatory intent, to be reasonable." (citing cases)).

In sum, Kris has not alleged facts, which, taken as true, would demonstrate that her requested accommodation was unreasonably delayed or denied by the MHRA before that request became moot because of her eviction. Accordingly, the facts alleged in document number 66 fail to state an FHA reasonable accommodation claim upon which relief can be granted. For that reason, her motion to add that claim to this case is denied.

III.  Remaining Considerations

This case has remained on this court's docket since 2018,[5] and it is now in an advanced stage. Amendments to the complaint were due on or before November 16, 2020, and the discovery period closed on June 21, 2021. See Sept. 30, 2020 Order (doc. no. 52). In a separate order issued on today's date, this court denied plaintiff's motion for summary judgment on her FHA retaliation claims against the Trust and the Dusseaults; directed those defendants to move for summary judgment on three of her remaining four retaliation claims; granted defendants leave to file their answer out of time; and further directed that a trial on all of the remaining claims proceed no later than September 2022. Granting Kris's motion to add new defendants and new claims at this time would necessitate serving new defendants, reopening the discovery period, and revisiting the trial schedule, all of which could

---

[5] This case was stayed for a period of time to allow for settlement negotiations and otherwise delayed due to COVID-19's impact on court operations and on Kris's ability to litigate her claims without a lawyer.

further delay the resolution of the claims that have been in this case since it was filed in 2018.

Additionally, there are few common issues of fact or law connecting her new proposed claims against the agencies, municipalities, and the MHRA, with her active claims of FHA retaliation asserted against the Dusseaults and the Trust. Thus, few efficiencies could be gained by joining her proposed new claims with her original claims. Under such circumstances, the interests of justice do not favor granting Kris's motion for leave to add new claims and new parties at this time.

## CONCLUSION

For the foregoing reasons, Kris's "Motion to Change Claim for Mandamus Relief to 42 U.S.C. § 1983" is DENIED (doc. no. 66).

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

March 23, 2022

cc: Margaret Kris, pro se
     Brian C. Shaughnessy, Esq.